UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:24 CV 445 JMB |
| ) | |
| LELAND DUDEK, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On June 14, 2018, Plaintiff William B. filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq*., alleging that his disability began on May 25, 2018 (later amended to August 17, 2017) because of a back injury resulting in surgery, depression, diabetes, asthma, and arthritis (Tr. 159, 171, 192).  In 2019, his claim was denied by the Commissioner of Social Security through the administrative process (Tr. 1-35).  See 42 U.S.C. § 405(g).  Plaintiff appealed that decision to our Court on September 18, 2020.  William B. v. Kijakazi, 4:20-cv-1281-RHH.  On April 10, 2023, United States Magistrate Judge Rodney H. Holmes issued a decision reversing and remanding the matter for further consideration of opinion evidence related to Plaintiff's ability to sit and/or stand during the workday.

Upon remand, a second hearing was conducted on October 23, 2023 and an Administrative Law Judge (ALJ) issued a second unfavorable decision (Tr. 2807-2838, 2871-2904).  There is no dispute that Plaintiff exhausted his administrative remedies.  Accordingly, this matter is now before the Court for review of an adverse ruling by the Social Security Administration as set forth

by the ALJ on February 13, 2024 (Tr. 2807-2838). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. Standard of Review and Legal Framework

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Ross v. O'Malley, 92 F.4th 775, 778 (8th Cir. 2024). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quotation omitted); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (the standard "is not high"). In making this determination, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007); see also 20 C.F.R. § 404.1520 (setting forth the five-step sequential evaluation process an ALJ uses to determine whether a claimant is disabled); Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (discussing the five-step process).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow, and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (citing Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Similarly, a reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). If it is possible to draw a position from the evidence that supports the ALJ's findings, the reviewing court must affirm the decision. Id. With this standard in mind, the Court will address the specific arguments made by the parties.

## II. **Background**

Magistrate Judge Holmes outlined Plaintiff's medical history and the evidence presented to the agency and it will not be repeated here (Tr. 2949-2965). It is sufficient to note that Plaintiff suffered some workplace injuries that resulted in spinal fusion surgery in August, 2017 (Tr. 2950). He attempted to return to a sedentary job at his workplace in early 2018 but was unsuccessful (Tr. 2950-2951). Plaintiff is able to perform some activities of daily living but he experiences back pain and leg cramps, with pain increasing upon activity (Tr. 2951). Plaintiff indicated that medication, Gabapentin, helped with the pain and that he was instructed to walk (Tr. 2951).

In 2019, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform work at the sedentary exertional level with the following additional restrictions:

> Lift, carry, push and pull 10 pounds occasionally and less than 10 pounds frequently; sit for six hours; stand/walk for two hours; occasionally climb ramps and stairs but never ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch and crawl; with no exposure to unprotected heights, hazardous machinery and only occasional exposure to extreme temperatures or vibration. The claimant would further need to stand for 10 minutes for every hour seated, while remaining on task.

(Tr. 19). The ALJ found the opinions of Dr. Brett A. Taylor (dated February 27, 2018), who performed Plaintiff's spinal surgery, and Dr. Eric Kerstman (dated July 26, 2018), who performed an independent evaluation of Plaintiff's medical files in relation to a worker's compensation claim, persuasive in determining Plaintiff's RFC. However, both doctors opined that Plaintiff was more limited in the sitting functional ability than found by the ALJ: Dr. Taylor opined that Plaintiff could sit for only 1-3 hours in an 8-hour workday (Tr. 473); and, Dr. Kerstman opined that Plaintiff could frequently sit but that he should be allowed to alternate between sitting and standing or walking as needed (Tr. 604). As such, Judge Holmes concluded that the RFC formulated by the ALJ did not incorporate the limitations found by Drs. Taylor and Kerstman, even though their

opinions were persuasive, and further that the ALJ did not support her own findings (as to the sit/stand/walk limitations) with evidence in the record. Judge Holmes then remanded this matter "to more fully identify, evaluate and supplement as necessary the medical and nonmedical evidence of record supporting either her original conclusion as to Plaintiff's RFC, or any amended RFC determination she may render" (Tr. 2964).[1]

Upon remand, the ALJ again found that Plaintiff retained the RFC to do sedentary work with the following identical restrictions:

> LCPP 10# occasionally, less than 10# frequently, sit for 6 hours, stand walk for 2 hours in an 8 hour day, occasional ramps and stairs, no ladders ropes or scaffolds, no balancing as defined by the SCO, occasional stoop kneel crouch crawl, no unprotected heights no hazardous machinery, only occasional exposure to extreme cold or vibration, alternating sitting and standing, with standing for 10 min for every hour seated, while remaining on task [sic].[2]

(Tr. 2816). In addressing Dr. Taylor's opinion, the ALJ again found the opinion persuasive with the following caveat:

> However, his opinion that the claimant could only sit occasionally, one to three hours, is not persuasive. Specifically, contemporaneous treatment notes state that the claimant had returned to work as a trial in sedentary demand and reported that he was doing well. On exam, lower extremity motor function testing was slightly decreased . . . . Sensation to light touch was intact in all lower extremity dermatomes. Patellar and Achilles reflexes were equal and symmetric. Examination showed normal gait and he was able[ ] to heal toe gait. Thus, his examination does not support such an extreme sitting limitation . . . .

(Tr. 2827). The ALJ went on to provide more detail as the why Dr. Taylor's sitting limitation was not persuasive (Tr. 2828).

---

[1] Judge Holmes also remanded this matter for development of the record as to Dr. David Volarich's independent medical evaluation (Tr. 2964-2965). Dr. Volarich's report was incomplete, and it did not appear that the ALJ did anything to acquire the full report. It is undisputed that, upon remand, the ALJ considered Dr. Volarich's full report.

[2] The ALJ does not explain her shorthand and acronyms. The Court assumes that "LCPP" stands for "lift, carry, push and pull" and that 10# stands for the weight of 10 pounds. Further, "SCO" refers to the Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles.

In addressing Dr. Kerstman's opinion, the ALJ likewise found the opinion generally persuasive with a caveat as to the sitting limitations. To wit,

> However, the opinion the claimant was capable of frequent sitting with the ability to change positions between sitting and standing or walking 'as needed' is not supported by his review or explanation, or consistent with the overall record, including the claimant's statements to Dr. Taylor, the outcome questionnaire and his statements to Dr. Volarich, as discussed in detail above.

(Tr. 2828-2829).

When the ALJ considered the entirety of Dr. Volarich's opinion, she found that it was not persuasive. In particular, Dr. Volarich opined that Plaintiff could not remain in a fixed position (sitting/standing/walking) for more than 30 minutes (Tr. 2829). The ALJ found that this opinion was not supported by any examination, was not supported by the overall record, and that Dr. Volarich seemed to "uncritically accept" Plaintiff's subjective statements of limitations (Tr. 2829).

### III. Discussion

Plaintiff argues that the ALJ's RFC is not supported by the record. In particular, he states that the ALJ failed to rationalize her "conclusion" that Plaintiff "can resume sitting for another 60 minutes of work after standing for only 10 minutes, repeatedly, for 40 hours every week; does not need to incorporate periods of walking around, in addition to standing, during the workday; and, can remain on task while alternating sitting and standing at a sedentary job" (Doc. 19, p. 80). He further argues that the ALJ failed to appropriately analyze the opinions of Drs. Taylor, Kerstman, Volarich,[3] and Patricia Hurford.[4] The Court does not interpret the ALJ's opinion to require 60 minutes of continuous sitting followed by 10 minutes of continuous standing with no walking, as

---

[3] Plaintiff does not elaborate on his contention that the ALJ erred in considering Dr. Volarich's opinion.

[4] Dr. Hurford provided pain management treatment from November 29, 2017 through May 14, 2018 (Tr. 2766-2790). Dr. Hurford provided work status reports every month, except February, 2018, noting that Plaintiff was restricted to activity "per Dr. Taylor" (Tr. 2785-2790).

Plaintiff urges. Rather, the ALJ found that in an 8-hour work day, Plaintiff could sit for a total of 6 hours and stand or walk for 2 hours and that for every 60 minutes of sitting, Plaintiff requires 10 minutes of standing but not necessarily as one block. Plaintiff's arguments appear to require the ALJ provide minute detail of Plaintiff's potential actual workday in evaluating Plaintiff's ability to work. Plaintiff has pointed to no statute, regulation, guidance, or case authority that would require such detail in evaluating Plaintiff's entitlement to disability benefits.

**A.    Opinion Evidence**

When evaluating opinion evidence, the ALJ is no longer required to give controlling weight or any weight to opinion evidence. 20 C.F.R. 404.1520(a). Instead, the ALJ is to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors. 20 C.F.R. § 404.1520c(b)(2). Of these factors, an ALJ must explain how he considered the factors of supportability and consistency in his decision but need not explain how he considered the other factors. 20 C.F.R. § 404.1520c(b)(2).[5] The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In articulating how she considers the supportability factor, an ALJ may properly consider that the physician's own treatment notes do not support the physician's opinion, that the physician did not consider certain evidence, or that the physician did or did not provide a detailed explanation for the opinion. Starman v. Kijakazi, 2021 WL 4459720, at *4 (E.D. Mo. Sept. 29, 2021) (listing cases). The consistency factor states that "[t]he more consistent a medical opinion(s)

---

[5] The other factors include the relationship with the claimant, specialization, and other factors which can include whether additional evidence was submitted after the date of the opinion. 20 C.F.R. § 404.1520c(c)(3-5). An ALJ is not required to address all factors in her opinion.

or prior administrative finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).  In considering opinion evidence, an ALJ can be justified in rejecting an opinion if it contains no explanation of limitations despite containing areas where the doctor could explain the limitations found.  See Nolen v. Kijakazi, 61 F.4th 575, 577 (8th Cir. 2023) (finding that the ALJ appropriately gave a treating doctor's opinion little weight where the doctor "checked some boxes and left blank the short-answer section asking what objective medical findings supported his assessment"); Swarthout v. Kijakazi, 35 F.4th 608, 611 (8th Cir. 2022) (finding physician's opinion "entitled to relatively little evidentiary value on its face, because it was rendered on a check-box and fill-in-the-blank form").  Thomas v. Berryhill, 881 F.3d 672, 675 (8th Cir. 2018) (finding that a treating physician's opinion, made in conclusory fashion and which "cite[s] no medical evidence and provide[s] little to no elaboration" can be rejected on that basis alone).

  Plaintiff mentions Dr. Hurford and Dr. Kerstman and notes that they deferred to or agreed with the recommendations and restrictions imposed by Dr. Taylor (Doc. 19, p. 6, 14).  As such, Plaintiff does not specifically argue that the ALJ erred in considering either Dr. Hurford's opinion or Dr. Kerstman's.  Rather, she groups their opinions together and focuses on the ALJ's treatment of Dr. Taylor's opinion.  In addition, besides stating Dr. Volarich's opinion, Plaintiff offers no argument that the ALJ erred in considering that opinion.  Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" undeveloped and conclusory arguments).  Accordingly, the Court will also focus on Dr. Taylor's opinion as it is dispositive of the entirety of Plaintiff's claim.

The ALJ found that Dr. Taylor's opinion, that Plaintiff can only sit for 1-3 hours each in a work day, unpersuasive. In doing so, the ALJ found that Dr. Taylor's examination on the date of the opinion (February 27, 2018) did not support "such an extreme sitting limitation" (Tr. 2827). That report states that Plaintiff returned to work in a "sedentary demand" and reported doing well; that he was able to alternate sitting and standing frequently and that he walks 0.5 to 1 mile a day at work (Tr. 1806). His leg pain was resolved and his back pain was being managed and at a pain intensity of 3 and frequency scale of 4 (presumably on a 10 point scale with 10 being most painful and frequent) (Tr. 1806). As the ALJ indicated, there is nothing in the medical report which states that Plaintiff can only sit for 1 to 3 hours a day while working. Thus, the ALJ found that Dr. Taylor's opinion was not supported by his own records. And, as pointed out, Plaintiff self-reported that pain prevents him from sitting for more than 1 hour, walking for more than a mile, and standing for more than 1 hour (Tr. 1802). The ALJ indicated that this 1 hour limitation was incorporated in the RFC which allows for periods of standing for every 60 minutes of sitting.

Plaintiff first argues that the ALJ failed to consider that Plaintiff's return to work was unsuccessful. Plaintiff testified that after his surgery, he worked from January to March, 2018 and again from April 15 to May 25, 2018 at a desk job that required monitoring videos and computer work (Tr. 55). He stopped working because he had to leave work early and called in sick due to low back pain and legs cramping "from sitting" at least 4-6 times during that time period (Tr. 57-59). However, the ALJ pointed out that when Plaintiff saw Dr. Taylor on February 27, 2018, he reported that work was going well (Tr. 1806, 2821). A subsequent examination on March 21, 2018 revealed "no objective findings of pain or limitation in range of motion" and was otherwise "completely normal" (Tr. 559, 2821). To the extent that Plaintiff claims this job was sedentary, Dr. Taylor and Dr. Hurford contemporaneously indicated that he could perform sedentary work

Page **8** of **12**

(Tr. 2821). And, the ALJ noted that by May, 2018, Plaintiff was "released from pain management" (Tr. 2783-2784, 2822) and was not prescribed pain medication until June 27, 2018 (Tr. 2822). Throughout the opinion, the ALJ indicated that all of Plaintiff's treating doctors indicated that he needed to exercise to manage pain and function.

It is clear, although not clearly stated, that the ALJ did not credit Plaintiff's statement that pain caused him to miss work, to the extent claimed by Plaintiff at the hearing, because it was inconsistent with contemporaneous medical records. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (noting that an ALJ is entitled to discount a claimant's statements of limitations when it is inconsistent with the record as a whole). It is also clear, although again not clearly stated, that the ALJ found that Dr. Taylor's opinion was not consistent with the findings of other medical providers. Such deficiency in opinion writing is not cause for remand. Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004) (stating that the ALJ need only minimally articulate the reasons for rejecting Plaintiff's testimony); Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008). While perhaps, the Court would reach a different conclusion, the ALJ appropriately considered Dr. Taylor's opinion as to sitting, provided explanation for the lack of supportability and consistency, and otherwise addressed the value of the opinion. On review, that conclusion is entitled to deference because it is supported by substantial evidence in the record.

**B.     RFC**

Plaintiff's remaining arguments focus on the ALJ's alleged failure to address Plaintiff's frequent need to change positions or whether he could "stay-on-task" while alternating between sitting, standing, and walking in a sedentary job.

A claimant's RFC is the most she can do in a work setting despite her limitations. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2023) (citing 20 C.F.R. § 404.1545(a)(1)). When

determining a claimant's RFC, the ALJ must consider "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own description of [her] limitations." Papesh v. Colvin, 786 F3d 1126, 1131 (8th Cir. 2015) (citations and quotation marks omitted).

As noted above, Plaintiff testified that he could not perform sedentary work because of pain. He further reported that he cannot stand or sit for "long periods of time" (Tr. 216) and that he can walk a quarter mile but must rest from a few minutes to 30 minutes afterwards (Tr. 217). An ALJ must consider the claimant's prior work record and third-party observations as to the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any functional restrictions. Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010); Polaski, 739 F.2d at 1322. The ALJ is not obligated to mechanically discuss each of the above factors; however, when rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing his or her reasons for discrediting the testimony, and the ALJ's credibility assessment must be based on substantial evidence. Vick v. Saul, No. 1:19 CV 232 CDP, 2021 WL 663105, at *8 (E.D. Mo. Feb. 19, 2021) (citing Renstrom v. Astrue, 680 F.3d 1057, 1066 (8th Cir. 2012); Grba-Craghead v. Astrue, 669 F. Supp. 2d 991, 1008 (E.D. Mo. 2009)). On review by the court, "[c]redibility determinations are the province of the ALJ." Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016)). The court defers to the ALJ's determinations "as long as good reasons and substantial evidence support the ALJ's evaluation of credibility." Id.

The ALJ appropriately found Plaintiff's RFC when the evidence as a whole is considered. There is no question that Plaintiff underwent a significant surgery after a workplace injury, that he

no longer is able to work as he did, and that he has a chronic back condition that causes pain. However, as indicated above and detailed by ALJ, his surgery was successful and resulted in doctors advising Plaintiff to wean off pain medication (Tr. 1786, 1804), increase physical exercise and activity to manage his condition (Tr. 3142-3143), and return to sedentary work with various restrictions (Tr. 473, 605). The ALJ further noted that Plaintiff could complete activities of daily living including household chores, driving, caring for children and pets, and managing his own hygiene, albeit with some breaks. "Performing these activities without significant disruption discredits [Plaintiff's] subjective complaints of disabling pain and supports the ALJ's decision." Austin, 52 F.4th at 730–31; Black v. Apfel, 143 F.3d 383,

The ALJ also developed an RFC with additional limitations to accommodate Plaintiff's need to alternate between sitting, standing, and walking. And, the ALJ addressed frequency, indicating that Plaintiff must stand for 10 minutes for every 60 minutes seated. While Plaintiff argues that this accommodation does not address frequency, the Court disagrees. The ALJ considered that Plaintiff would need to alternate between sitting and standing/walking and while the ALJ did not provide a specific amount of time that Plaintiff was required to stand after sitting, neither the regulations nor case authority require such specificity. As such, the ALJ did address frequency, just not with the amount of specific limitations that Plaintiff advocates. See e.g., Austin, 52 F.4th at 731 ("Whether the ALJ should have provided *additional* limitations amounts to a disagreement over the weighing of evidence within the record" (emphasis in original, citation omitted)). Finally, at the hearing, the vocational expert testified that there were sufficient jobs in the national economy at the sedentary level that would accommodate Plaintiff's additional restrictions (Tr. 2894). The VE further testified that if Plaintiff was required to sit and stand at will, it would not reduce the types of jobs available but may reduce the numbers of those types of

jobs available by 20% (Tr. 2895).  The ALJ referred to this opinion and adopted the same in finding that Plaintiff had the residual functional capacity to perform sedentary work with the additional restrictions that accommodated his need to alternate between sitting and standing/walk.  The ALJ's opinion is supported by substantial evidence in the record.

\* \* \* \* \*

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment shall accompany this Memorandum and Order.


Dated this 4th day of March, 2025

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE